WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Josef Timothy Dixon,<br><br>             Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>             Respondents. | No. CV-23-00339-PHX-DWL<br><br>**ORDER** |

On February 16, 2023, Petitioner signed and mailed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1 at 11.) The petition was docketed on February 24, 2023. (Doc. 1.) On July 21, 2023, Magistrate Judge Metcalf issued a report and recommendation ("R&R") concluding that the petition was untimely filed and should therefore be dismissed with prejudice. (Doc. 12.) Afterward, Petitioner filed objections to the R&R (Doc. 13) and Respondents filed a response (Doc. 14).

As explained below, the Court agrees with the R&R's conclusion that the petition was untimely filed. Accordingly, Petitioner's objections are overruled, the R&R is affirmed, and this action is terminated.

**RELEVANT BACKGROUND**

In November 2017, Petitioner was charged in Maricopa County Superior Court with 16 counts of child sex trafficking and two drug-related crimes. (Doc. 12 at 1-2.) Petitioner was convicted at trial on most of the counts and sentenced to a total of 190 years in prison. (*Id.* at 2.)

On May 26, 2020, the Arizona Court of Appeals issued a memorandum decision affirming Petitioner's convictions and sentences. (*Id.*)

On December 11, 2020, the Arizona Supreme Court denied Petitioner's petition for review. (*Id.*)

On January 12, 2021, Petitioner filed a timely notice of post-conviction relief ("PCR"). (*Id.*) Petitioner did not seek appointment of counsel and eventually filed a *pro se* amended PCR petition. (*Id.* at 2-3.)

On January 14, 2022, the trial court dismissed the amended PCR petition without a hearing. (Doc. 9-1 at 296.)[1]

On February 15, 2022, Petitioner filed a conclusory "Motion for Rehearing" dated February 9, 2022 and asserted that it was sent "via US Mail." (Doc. 12 at 3.)

On March 16, 2022, the trial court summarily dismissed the motion for rehearing. (*Id.*)

As noted, on February 16, 2023, Petitioner signed and mailed his habeas petition in this action. (Doc. 1 at 11.) The Court previously explained that the petition raises fours grounds for relief: (1) ineffective assistance of trial and appellate counsel; (2) violation of Petitioner's Sixth Amendment right to a fair and speedy trial; (3) denial of due process; and (4) illegal sentence. (Doc. 5.)

On July 21, 2023, Judge Metcalf issued the R&R. (Doc. 12.) The R&R concludes that the petition must be dismissed because it was filed outside AEPDA's one-year limitations period. More specifically, the R&R begins by explaining that Petitioner's conviction became "final" for AEPDA purposes on March 11, 2021, which is 90 days after the Arizona Supreme Court denied Petitioner's petition for review. (*Id.* at 4-5.) However, the R&R also notes that Petitioner is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) during the period in which his application for state post-conviction relief remained pending. (*Id.* at 5.) The R&R concludes that because Petitioner timely initiated

---

[1] The R&R states that the order dismissing the amended PCR petition was entered on January 12, 2022. (Doc. 12 at 3.) However, Respondents correctly note that although the minute order is dated January 12, 2022, it was not entered and filed on the docket until January 14, 2022. (Doc. 14 at 6, citing Doc. 9-1 at 296.)

his PCR proceeding no later than January 12, 2021, which was before his conviction became final, Petitioner is entitled to statutory tolling here. (*Id.*)

As for the extent of statutory tolling, the R&R states that Petitioner's PCR proceeding "remained pending at least through January 12, 2022, when it was dismissed by the PCR court" and that the period of statutory tolling must be further extended in light of the principle that "[a] post-conviction application remains pending until the expiration of time allowed to seek further review, even if such review is not sought. (*Id.*, citing *Melville v. Shinn*, 68 F.4th 1154 (9th Cir. 2023)). The R&R states that, under Arizona law, Petitioner had 30 days to seek rehearing or further review, so his PCR proceeding remained pending—at least for statutory tolling purposes—through February 11, 2022. (*Id.*)

The R&R acknowledges that if Petitioner had filed a *timely* motion for rehearing or petition for review, the period of statutory tolling would have been further extended until that motion/petition was resolved. (*Id.* at 5-6.) However, the R&R concludes that Petitioner cannot take advantage of that principle here because the motion for rehearing he filed with the PCR court, which he submitted on February 9, 2022, was untimely, as Arizona Rule of Criminal Procedure 32.14(a) creates a 15-day deadline for filing a motion for rehearing and that deadline expired in Petitioner's case on January 27, 2022 (*i.e.*, 15 days after the trial court denied his PCR petition on January 12, 2022). (*Id.* at 5-6 & n.5.) The R&R further explains that although "the PCR court did not address the timeliness of Petitioner's Motion for Reconsideration, but rather appears to have addressed the merits," "in the absence of a clear indication by the state courts that a particular request for review was timely or untimely, the habeas court must itself determine what the state courts would have held in respect to timeliness." (*Id.* at 6, citing *Evans v. Chavis*, 546 U.S. 189 (2006)).

Given this backdrop, the R&R concludes that AEPDA's one-year limitations period began running on February 11, 2022 and expired on February 11, 2023; that the earliest possible filing date of the petition in this case, assuming Petitioner is entitled to consideration under the mailbox rule, is February 16, 2023; and thus "Petitioner's Petition was five days delinquent." (*Id.* at 7.) Finally, the R&R also concludes that Petitioner is

not entitled to equitable tolling or relief pursuant to the "actual innocence" gateway. (*Id.* at 7-8.)

**LEGAL STANDARD**

A party may file written objections to an R&R within 14 days of being served with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules"). Those objections must be "specific." *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See* Fed. R. Civ. P. 72(b)(3). "In providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations. . . . [D]istrict courts conduct proper de novo review where they state they have done so, even if the order fails to specifically address a party's objections." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023) (citations and internal quotation marks omitted). *See also id.* at 434 ("[T]he district court ha[s] no obligation to provide individualized analysis of each objection.").

Additionally, district courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R

& R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").

**ANALYSIS**

It is unnecessary to resolve most of Petitioner's objections because they address factual issues that are unrelated to the R&R's statute-of-limitations analysis. (*See, e.g.*, Doc. 13 at 1 ["I (Petitioner) was stopped and arrested in a vehicle where a 15 year old and a 16 year old were found also in the vehicle. 'I object' to section I. of the Report and Recommendation on grounds of heresy [sic], due to the Petitioner seeking relief from the accusations of being arrested from a vehicle. The state was not a crime scene witness but only heard of the facts surrounding the crime scene."].) At any rate, as to those objections, the Court has conducted the required *de novo* review of the R&R and adopts the objected-to portions. *Ramos*, 65 F.4th at 433.

As for the R&R's statute-of-limitations analysis, Petitioner argues that "the state proceedings ended March 16, 2022 when state courts dismissed the motion for rehearing. Statutory tolling should have begun on March 16, 2022 or in good faith efforts, latitude for prisoner filings by U.S. mail should have been given due to third party mailing procedures of ADCRR which are well known by the courts." (Doc. 13 at 2-3.) Petitioner further argues that "if Petitioner stated in PCR that it was sent February 09, 2022, how then is Petitioner's Petition untimely[?] If Petitioner is given 30 days to seek review it is indeed workdays of the courts not weekends instead. Due to this fact when courts dismissed the PCR January 12, 2022, the 30 days to seek review ended February 23, 2022 . . . [so] the 1 year tolling should have began 02/23/2022." (*Id.* at 3.) Put another way, Petitioner argues that "[t]he request for review was not untimely if you do not include days the courts [are] closed by law." (*Id.*)

Respondents respond in relevant part as follows: "[T]he R&R correctly found that the PCR proceeding remained pending until the time expired for Dixon to seek review of

1  the trial court's dismissal of the proceeding, and that the untimely motion for
2  reconsideration or rehearing did not extend the tolling (unlike Dixon claims).  Dixon had
3  until February 14, 2022, to petition for review because the trial court's order dismissing
4  the PCR proceeding was entered on January 14, 2022, and Dixon had 30 days from the
5  entry date of the order to petition for review.  That means the one-year limitations period
6  would have begun the next day on February 15, 2022, and elapsed on February 15, 2023.
7  Dixon, however, filed his habeas petition a day late on February 16, 2023.  Hence, the R&R
8  is correct that the habeas petition is untimely.  Dixon has not shown otherwise." (Doc. 14
9  at 5-6.)

The Court agrees with Respondents and overrules Petitioner's objections. Regardless of whether the order dismissing Petitioner's PCR petition was entered on January 12, 2022 (as the R&R states) or January 14, 2022 (as Respondents correctly note), Petitioner's motion for rehearing (which was mailed on February 9, 2022) was filed outside the relevant 15-day window and therefore did not extend the statutory tolling period. Accordingly, the period of statutory tolling extended 30 days from the entry of the order dismissing the PCR petition (because, under Arizona law, there is a 30-day deadline for filing a petition for review). Although Petitioner asserts without citation to legal authority that this 30-day period excludes holidays and weekends, Petitioner is incorrect. Accordingly, the 30-day period (and with it, the period of statutory tolling) expired no later than Monday, February 14, 2022; AEPDA's one-year limitations period began running no later than the following day, Tuesday, February 15, 2022; and Petitioner's initiation of this action no earlier than Thursday, February 16, 2023 came at least one day too late. This may be a harsh result, but it is the result that AEPDA requires. *See, e.g.*, *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) ("Marcello and Zizzo's petition was filed a day late, and Judge Plunkett properly dismissed it as untimely. Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere . . . ."); *Lattimore v. Dubois*, 311 F.3d 46, 53-54 (1st Cir. 2002) ("Lattimore's § 2254 petition was docketed on April 28, 1997, four days

after the one-year grace period expired. If Lattimore is given the benefit of the prisoner mailbox rule, and his petition were deemed to be filed on April 25, 1997, the date it was allegedly deposited in the prison mail system, his petition was still one day late and hence barred."); *Lookingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002) ("We have consistently denied tolling even where the petition was only a few days late.").

Accordingly,

**IT IS ORDERED** that:

1. Petitioner's objections to the R&R (Doc. 13) are **overruled**.

2. The R&R (Doc. 12) is **accepted**.

3. The petition (Doc. 1) is **dismissed with prejudice**.

4. A certificate of appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the denial of the etition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

5. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 31st day of August, 2023.

Dominic W. Lanza
United States District Judge